# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LINDA M. CARSON,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:06CR65DAK |

　　　　　Defendant, Linda M. Carson, has filed a motion for termination of her remaining supervised release. Defendant was sentenced to fifteen months incarceration and sixty months of supervised release. Defendant is currently serving her supervised release, which is not set to terminate until 2013.

　　　　　Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed

to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's letter indicates that she takes responsibility for her past conduct and is on the right path. The court, however, has concerns with terminating Defendant's supervised release when it was such a significant part of her sentence and she has such a significant restitution amount to repay. It is the court's understanding that an early termination is opposed by the government at this time. While the court does not want to diminish the significant positive conduct in which Defendant is now engaging in, the court believes that the nature of Defendant's offense justifies a lengthy period of supervised release. The court applauds Defendant for her responsible behavior, but believes that it is premature to consider shortening the period of supervised release. The court is willing to consider a similar motion in another year. Defendant's motion for early termination of supervised release is, therefore, denied at the present time.

DATED this 1st day of October, 2010.

_____
DALE A. KIMBALL
United States District Judge